**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**IN RE:**

    STEPHEN C. GRUENEBAUM

                        **AFFIRMATION**
              **Debtor**             **IN OPPOSITION**

                        **Bk. No.: 10-22062**
                        **Chapter 13**

---

Marc D. Hess, Esq. an attorney duly licensed to practice law in the State of New York

and admitted in the Southern District of New York, affirms the following to be true,

under penalty of perjury:

**Background**

1.  I am an attorney at law duly licensed to practice before this Court and I am an

    associate with the office of Steven J. Baum, P.C., attorneys for Secured Creditor

    Wells Fargo Bank, N.A. ("Secured Creditor"), and as such am fully familiar with the

    facts and circumstances of the present case. The Secured Creditor is the holder of a

    note and mortgage over the property commonly known as 6 Dover Terrace, Monsey,

    New York, 10952.

2.  This affirmation is made in response to the Debtor's motion to expunge the claim

    filed on behalf of the Secured Creditor and identified as claim no. 1 on the Claims

    Register. Pursuant to 11 U.S.C. §501, the proof of claim was timely filed by the

    secured creditor on February 12, 2010. The full amount of the claim is listed as

    $293,504.14 and the arrearage is listed as $70,201.56.

3. At the outset, the Secured Creditor notes that it is not clear whether the Debtor seeks to expunge the Secured Creditor's claim or have the claim reduced. The memorandum of law submitted by the Debtor refers to reduction but the Debtor's proposed order refers to expunging the claim.

4. Whether the Debtor is seeking reduction or expungement, the Debtor relies on the Rooker-Feldman doctrine. The Debtor posits that the Rooker-Feldman doctrine prevents the Secured Creditor from claiming amounts greater than those awarded in a previously issued judgment of foreclose. Again, it is not clear whether the Debtors challenges only the amount of foreclosure fees and costs listed in the proof of claim or other line items also listed therein. The Debtor's memorandum of law refers specifically to the foreclosure fees and costs and the Secured Creditor assumes those are the only line items under challenge. Should the Debtor be challenging other line items as well, the Secured Creditor requests clarification.

**Foreclosure Judgment and Attorney Fees**

5. A foreclosure judgment was issued on August 8, 2008 by the Supreme Court of the County of Rockland. Said judgment was recorded with the Rockland County clerk's office on August 13, 2008.

6. The judgment awards the Secured Creditor attorney fees of $1,800 and costs of $2,528.88. The Secured Creditor notes that despite reference to the $2,528.88 as "attorney fees" in the Debtor's affirmation in support of his objection, the Debtor does not appear to be challenging the "foreclosure attorney fees" line item listed in the proof of claim in the amount of $1,800. Regardless, the Secured Creditor notes those fees are consistent with the amount awarded in the foreclosure judgment. The

Secured Creditor will therefore turn to address the attorney costs.

**Foreclosure Judgment and Foreclosure Costs**

7. The foreclosure judgment awards attorney costs in the amount of $2,528.88.
   However, in addition to that amount, the judgment also contemplates that other items
   will be paid from the proceeds of the sale. These items include statutory referee fees
   not to exceed $500 and expenses of the sale including posting and advertising.

8. The amount of $2,528.88 includes $400 in statutory fees awarded by the court.
   Therefore, the actual costs incurred prior to award of the judgment was $2,128.88.
   Added to that amount are the post judgment sale costs which include publication
   costs of $1,626.80, referee fees to sell totaling $1,250, search update fees totaling
   $215, and a discontinuance fee of $35. When the post-judgment costs are added to
   the amount of costs incurred pre-judgment the total is $5,255.68. This amount differs
   from that listed on the proof of claim by $185 and the claim is being amended
   accordingly. However, the Secured Creditor does note that it has not sought to collect
   the $400 in statutory fees awarded in the judgment which would have brought the
   total costs to $5,655.68.

9. In the event the Debtor challenges the amount of publication costs, referee fees or
   search updates, the Secured Creditor advises that there were three sales scheduled,
   each of which was cancelled shortly prior to the sale. The first sale was scheduled for
   October 10, 2008 and was cancelled when the Debtors entered a
   forbearance/repayment plan which was then broken. A new sale was then set for
   October 26, 2009 and was cancelled for another forbearance/repayment plan which

was also broken. The third sale was set for January 14, 2010 but was cancelled due to the filing of the instant case on January 13, 2010.

## Application of Rooker-Feldman Generally in this Case

10. In so far as the Debtor's objection is intended to apply to other items in the Secured Creditor's claim, the Secured Creditor provides the following general response. Again, it is not clear what, if any, items other than foreclosure fees and costs the Debtor is objecting to and should the Debtor be challenging particular line items the Secured Creditors requests clarification and additional time to respond.

11. The Debtors' plan provides for payments to the Chapter 13 Trustee in order to cure the mortgage arrears due to the Secured Creditor. It is well-settled that a Chapter 13 Debtor, even after the Secured Creditor obtains a Judgment of Foreclosure and Sale can propose to do this through the Chapter 13 Plan. A debtor may attempt under Section 1322(b)(5), to cure pre-acceleration mortgage arrears and reinstate the original payment schedule of their mortgage, notwithstanding the existence of the state court foreclosure action. In re Acevedo, 9 B.R. 852 (E.D.N.Y. 1981), *aff'd by* 685 F.2d 24 (2nd Cir.1982).

12. Furthermore, "the concept of cure" in §1322(b)(5) contains the power to de-accelerate.....[and].....therefore the application of the section de-accelerates the mortgage and returns it to [the original]maturity." In re Taddeo, 685 F2d.24, 28 (2d Cir. 1982). Therefore, it follows that if a debtor invokes the right to pay mortgage arrears only under §1322(b)(5), the mortgage is de-accelerated and all amounts are due, as if the loan was never accelerated. As such, it is respectfully submitted that the Secured Creditor has properly included in its Proof of Claim mortgage arrears as if

the loan had never been accelerated.

**WHEREFORE**, Secured Creditor respectfully requests that the Debtor's objection be denied and the Secured Creditor claim be approved, minus a reduction of $185 in foreclosure costs.

Dated: May 19, 2010

/s/ Marc D. Hess
Marc D. Hess, Esq.
Steven J. Baum, P.C.
P.O. Box 1291
Amherst, N.Y., 14240-1291
(716) 204 2400